MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:  (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Plaintiff,
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAZMIK KHACHATOURIANS, *et al.*,<br><br>Defendants. | Case No.: CV 08-6408 DDP (RZx)<br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY, PLAINTIFF/ASSIGNEE NATIONAL FINANCIAL PARTNERS, CORP., AND DEFENDANT BRIAN MANSON GOVERNING THIS CASE AND RELATED CASES CV-09-03198 DDP (RZx), CV-08-06439 DDP (RZx)** |

## 1. PURPOSE AND LIMITATIONS

The parties in the above-captioned matter intend to provide disclosure of settlement terms and agreements between Wells Fargo Bank, N.A., and American General Life Insurance Company in the three related matters *American General Life Insurance Company v. Fausto Fernandez, et al.,* CV-09-03198 DDP (RZx) , *American General Life Insurance Company v. Sudhir Munshi, et al.,*CV-08-06439 DDP (RZx), and *American General Life Insurance Company v. Razmik Khachatourians, et al.,* CV 08-6408 DDP (RZx).  The parties agree that these settlement terms and agreements will not be used for any purpose other than prosecuting the litigation in the three related cases.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order relating to these agreements.  This Stipulated Protective Order may be referred to herein from time to time as this "Order."

## 2. DEFINITIONS

2.1 <u>Party</u>:  any party to any of the Related Cases, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staff), and NFP'S subsidiaries Total Financial and Insurance Services, Inc., and First Global Insurance Services, Inc., or any of them.

2.2 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not a Party to any of the Related Cases.

2.3 <u>Receiving Party</u>:  a Party that receives any Protected Material from a Producing Party.

2.4 <u>Producing Party</u>:  a Party or Non-Party that produces any Protected Material in any of the Related Cases.

2.5 <u>Protected Material</u>:  The settlement terms and/or related agreements between Wells Fargo Bank, N.A. and American General Life Insurance Company in the Related Cases. "Protected Material" shall include information copied or extracted from any Protected Material, as well as all excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by any Party or Counsel in court or in other settings that might reveal Protected Material.  The term "Protected Material" shall apply regardless of the medium or manner in which such Protected Material is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), and whether such Protected Material is produced or generated in disclosures or responses to disclosures, or in response to discovery in any of the Related Cases.

2.6 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party and have appeared in any of the Related Cases on behalf of that Party or are associated with a law firm which has appeared on behalf of that Party.

2.7 <u>House Counsel</u>:  attorneys who are employees of a Party or, for any Party that is an attorney, such Party.  House Counsel does not include any Outside Counsel of Record or any other outside counsel.

2.8 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staffs).

2.9 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in any of the Related Cases.

2.10 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.11 <u>Related Cases</u>:  United States District Court, Central District, matters *American General Life Insurance Company v. Fausto Fernandez, et al.,* CV-09-03198 DDP (RZx), *American General Life Insurance Company v. Sudhir Munshi, et al.,* CV-08-06439 DDP (RZx), and *American General Life Insurance Company v. Razmik Khachatourians, et al.,* CV 08-6408 DDP (RZx), are related and collectively referred to herein as the "three related cases" or "Related Cases."

      2.12    "Agreement to Be Bound by Protective Order":  The "Agreement to Be Bound by Protective Order" attached to this Order as **Exhibit A**.

3. **SCOPE**

The protections conferred by this Order cover the Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information or item that at the time of disclosure to a Receiving Party is in the public domain or after its disclosure to a Receiving Party becomes part of the public domain as a result of disclosure not involving a violation of this Order; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.  Any use of Protected Material at trial shall be governed by a separate agreement and/or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Related Cases, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials or reviews of the Related Cases, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

5. **ACCESS TO AND USE OF PROTECTED MATERIAL**

      5.1    Basic Principles.  A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party ***only*** in connection with the three Related Cases, including, without limitation, in identifying and prosecuting any counter-claims and/or cross-claims, and only for

prosecuting, defending, or attempting to settle litigation of the three related cases, including but not limited to the claims American General Life Insurance Company assigned to National Financial Partners Corp. in approximately December 2009. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 9, below (entitled FINAL DISPOSITION).

        The Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        5.2    <u>Disclosure of Protected Material.</u>  Unless otherwise ordered by the court a Receiving Party may disclose any of the Protected Material only to:

        (a)    the Receiving Party's Outside Counsel of Record in any of the Related Cases, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as **Exhibit A**;

        (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order";

        (c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order";

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order";

(f) during their depositions, witnesses from any Party or Non-Party in the Related Cases to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" unless otherwise ordered by the Court.  Each Party shall require persons under such Party's control, including, without limitation, its officers, directors, employees, and Experts, and NFP'S subsidiaries Total Financial and Insurance Services, Inc., and First Global Insurance Services, Inc., who is a deposition witness to execute an "Agreement to Be Bound by Protective Order".  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the Protected Material or a person who otherwise possessed or knew the information.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena, discovery request, or an order issued in other litigation that would compel disclosure of any Protected Material that Party must:

(a) promptly notify the Producing Party in writing of the subpoena, discovery request or order.  Such notification must include a copy of the subpoena, discovery request or court order.

(b) promptly notify in writing the person or entity who caused the subpoena, discovery request or order to issue in the other litigation that some or all the material covered by the subpoena, discovery request or order is the subject of this Order.  Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party.

If the Producing Party timely seeks a protective order, the Party served with the subpoena, discovery request or order shall not produce any Protected Material until such Party receives a determination by the court from which the subpoena, discovery request or order issued that the Protected Material must be produced.  The Producing Party shall bear the burdens and the expenses of seeking protection in that court of the Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in any of the Related Cases to disobey a lawful directive from another court.

**7.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order".

**8.     FILING PROTECTED MATERIAL.**

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in any of the Related Cases.  A Party that seeks to file under seal any Protected Material must comply with the local rules of the United States District Court, Central District, and/or the Federal Rules of Civil Procedure.  Protected Material may only be filed under seal in or with any Court document or with any Court.

**9.     FINAL DISPOSITION.**

Within fifteen days after the final disposition of the Related Cases, as defined in Paragraph 4, each Receiving Party must return all print or other hard

copies of Protected Material to the Producing Party and destroy all electronic copies of Protected Material.  When returning Protected Material as required in this Paragraph, the Receiving Party must submit a written certification to the Producing Party that confirms all Protected Material was returned and destroyed ***and*** affirm the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

If a receiving Party fails to comply with its obligations to return and destroy Protected Material and to provide the certification required pursuant to this Paragraph, that Receiving Party is entitled to notice of the failure and opportunity to cure.  If cured within 7 days after the Receiving Party receives said notice of its failure, there shall be no penalty.  Otherwise, court intervention and enforcement of this Order may be sought.

## 10. MISCELLANEOUS.

10.1  <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2  <u>Right to Assert Other Obligations.</u>  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated:  May 3, 2012                LAW OFFICES OF ROBERT D. COPPOLA, JR.


By:   /s/Robert D. Coppola Jr.
      Robert D. Coppola, Jr.
      Attorneys for Defendant,
      **BRIAN MANSON**

Stipulated Protective Order Between AGLIC, NFP and Brian Manson
Case No.:  CV-08-06408 DDP (RZx)
868038.1

| | | | |
|---|---|---|---|
| Dated: May 3, 2012 | | | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| | By: | /s/ Michael K. Brisbin | |
| | | Michael K. Brisbin | |
| | | Attorneys for Plaintiff, | |
| | | **AMERICAN GENERAL LIFE INSURANCE COMPANY** | |

Dated: May 3, 2012                    WINGET, SPADAFORA & SCHWARTZBERG LLP

By:    /s/ Timothy W. Fredricks
       Timothy W. Fredricks
       Attorneys for Plaintiff & Assignee,
       **NATIONAL FINANCIAL PARTNERS CORPORATION**

# EXHIBIT "A"
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____, [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was filed with, and approved by, the United States District Court, Central District, for the three related cases, *American General Life Insurance Company v. Fausto Fernandez, et al.,* CV-09-03198 DDP (RZx), *American General Life Insurance Company v. Sudhir Munshi, et al.,* CV-08-06439 DDP (RZx), and *American General Life Insurance Company v. Razmik Khachatourians, et al.,* CV 08-6408 DDP (RZx). I agree to comply with and be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this order.

I further agree to submit to the jurisdiction of the United States District Court, Central District, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of any or all of the cases listed above.

I hereby appoint _____ [print or type full name], of _____, [print or type full address and telephone number], as my California agent for service of process in connection with the cases listed above or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____ City/State where signed: _____

Printed name: _____
   [printed name]

Signature: _____
   [signature]

MICHAEL K. BRISBIN (SBN 169495)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:  (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Plaintiff,
**AMERICAN GENERAL LIFE INSURANCE COMPANY**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAZMIK KHACHATOURIANS, *et al.*,<br><br>Defendants. | Case No.: CV 08-6408 DDP (RZx)<br>**[PROPOSED] ORDER ON THE STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY, PLAINTIFF/ASSIGNEE NATIONAL FINANCIAL PARTNERS, CORP., AND DEFENDANT BRIAN MANSON GOVERNING THIS CASE AND RELATED CASES CV-09-03198 DDP (RZx), CV-08-06439 DDP (RZx)** |

In light of the Stipulated Protective Order between Plaintiff AMERICAN GENERAL LIFE INSURANCE COMPANY, by and through its counsel Wilson, Elser, Moskowitz, Edelman & Dicker, LLP; Plaintiff/Assignee NATIONAL FINANCIAL PARTNERS, CORP., by and through its counsel Winget, Spadafora & Schwartzberg; and Defendant BRIAN MANSON, by and through his counsel the Law Offices of Robert D. Coppola, Jr., and good cause appearing therefore, the Court hereby orders that the Stipulated Protective Order entered into by the Parties, through their attorneys of record, governs the disclosure of Protected Material in the three related cases.  **IT IS SO ORDERED.**

Dated: May 14, 2012            _____

**HONORABLE RALPH ZAREFSKY**
UNITED STATES MAGISTRATE JUDGE